The Honorable Jim Wood State Representative Post Office Box 219 Tupelo, Arkansas 72169-0219
Dear Representative Wood:
This is in response to your request for an opinion concerning the funding of the Hazen Municipal Court. On behalf of the City of Hazen, you have presented the following specific question:
 Does A.C.A. § 16-17-115 (which provides for the county to pay for one-half of the salaries of the judge and clerk of the municipal court) prevent a city and a county from entering into a separate agreement to divide court fine money when the court is used for county cases from 66% to 75% of the time and the county pays zero of the additional expense of the operation of the court? For example, when the city provides all the police and additional support staff for the court, office, computer, and phone service for the Arkansas State Police, city backup to the State Police, all office supplies for the total use of the municipal court, etc., can the city and county enter into an agreement and divide county fine money to pay for this additional expense?
In my opinion, the provisions of state law regarding the disbursement of fine proceeds by a municipal court may not be altered by a city or a county. Nevertheless, although Prairie County is under no legal obligation to pay any expenses other than half of the salaries of the municipal judge and clerks, the County is not prohibited from appropriating funds to the City of Hazen for additional operating expenses of the municipal court.
Arkansas Code Annotated § 16-17-707 (Repl. 1994) provides for the disbursement of fine proceeds by municipal courts. See Op. Att'y Gen. Nos. 96-228 and 96-329. Neither a city nor a county may enact legislation contrary to state law, Ark. Const. art. 12, § 4, and A.C.A. §14-14-805(13) (1987); therefore, the provisions of A.C.A. § 16-17-707 may not be altered by a city or a county. Section 16-17-707 provides in part that the municipal court "shall pay" certain specified sums "into the county treasury." However, funds deposited into the county treasury for the general purposes of government may thereafter be used for any purpose which county general funds may be spent. See discussion infra.
Arkansas Code Annotated § 16-17-115 (Repl. 1994) provides in part:
 Except as authorized otherwise, the county wherein a municipal court is held shall pay one-half (1/2) of the salaries of the judge and the clerks of the municipal courts organized in that county under the provisions of subchapters 2 and 3 of this chapter.[1]
This office has previously opined that, under this provision, a county is not required by law to pay any expenses other than half of the salaries of the municipal judge and clerks.[2] Op. Att'y Gen. No. 93-001 (copy enclosed); see also Op. Att'y Gen. Nos. 89-267, 88-011, and 84-098.
Although the County is not required by law to pay any expenses other than half of the salaries of the municipal judge and clerks, it is my opinion that the County is not prohibited from appropriating general funds to a city for additional operating expenses of a municipal court. Amendment 55
to the Arkansas Constitution provides that a county quorum court may exercise local legislative authority not denied by the Constitution or by law. Amendment 55 also provides that the legislative authority must relate to "county affairs." Further, a county may "for any public purpose, contract or join with any other county, with any political subdivision, or with the federal government." A.C.A. § 14-14-801(b)(4) (1987); see also Ark. Const. Amend. 55, § 1. It is my opinion that the appropriation of county general funds to the City of Hazen for operation of the municipal court would be for a public purpose and within the County's authority over "county affairs." See generally Op. Att'y Gen. Nos. 95-046 and 95-139. It should be noted that the citizens of the City of Hazen are also citizens of Prairie County. Additionally, it is my opinion that the donation of county funds to a city within the county is not violative of Ark. Const. art. 12, § 5, which provides:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
This office has consistently concluded that this provision does not prohibit donations to public or governmental entities. See Op. Att'y Gen. Nos. 95-139, 95-046, and 96-287.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] I have not been provided any information regarding the establishment of the municipal court in question; however, I assume, based upon your question, that the municipal court was created under the provisions of A.C.A. § 16-17-201 et seq. or A.C.A. § 16-17-301 et seq.
[2] Although A.C.A. § 16-17-115 contains the phrase "except as authorized otherwise," the General Assembly has not enacted other legislation with respect to Prairie County's funding obligation towards the Hazen Municipal Court. See generally A.C.A. § 16-17-108 (Supp. 1995).